# EXHIBIT A

Date Filed 7/21/2023 10:15 AM Case 1:23-cv-12125-LTS   Document 1-1   Filed 09/18/23   Page 2 of 17
Superior Court - Essex
Docket Number

1

COMMONWEALTH OF MASSACHUSETTS

ESSEX, SS.                                    SUPERIOR COURT DEPARTMENT
                                             OF THE TRIAL COURT
                                             CIVIL ACTION NO: 2377CV00693C

MATTHEW LINCOFF and TAYLOR LINCOFF, CO-PERSONAL
REPRESENTATIVES OF THE ESTATE OF LANDON LINCOFF,
                    Plaintiff,
V.
TOWN OF TOPSFIELD,
JOHN BOYLE, and
JENNIFER COLLINS-BROWN.

                    Defendants.

## ***COMPLAINT***

### Parties

1. Plaintiff, Matthew Lincoff, is the co-personal representative of the estate of his son, Landon
   Lincoff, and is a resident of Topsfield, Essex County.

2. Plaintiff, Taylor Lincoff, is the co-personal representative of the estate of her son, Landon
   Lincoff, and is a resident of Topsfield, Essex County.

3. Defendant, John Boyle ("Boyle"), at all times relevant to this complaint was a Lieutenant and
   Paramedic of the Topsfield Fire Department. He is sued in his individual capacity only in
   connection with claims under 42 U.S.C. § 1983.

4. Defendant, Jennifer Collins-Brown ("Collins-Brown"), at all times relevant to this complaint
   was the Chief of the Topsfield Fire Department. She is sued in her individual capacity only in
   connection with claims under 42 U.S.C. § 1983.

5. Defendant, Town of Topsfield, at all relevant times was the employer of Daniel Bell, a Sergeant
   of the Topsfield Police Department, Joseph DeBernardo, a Patrol Officer of the Topsfield
   Police Department, Jason Murley, an EMT-Basic of the Topsfield Fire Department, Jonathan
   Hallinan, a paramedic of the Topsfield Fire Department, Jeffrey Horne, an EMT-Basic of the
   Topsfield Fire Department, and of co-defendants Boyle and Collins-Brown. It is sued pursuant
   to the Massachusetts Tort Claims Act for the acts of its employees and under 42 U.S.C. § 1983
   for violation of Landon Lincoff's protected rights as a result of policies or customs
   implemented by the Town.

### Jurisdiction and Venue

6. This Court has jurisdiction over the subject matter of this complaint because the plaintiff's
   claims arise under the Massachusetts Tort Claims Act and Massachusetts Civil Rights Act, as

well as under 42 U.S.C. § 1983 because the plaintiff's constitutional rights were violated by the defendants Boyle and Collins-Brown acting under color of Massachusetts law pursuant to policy and custom enacted by the Town of Brookline.

7. Venue is proper pursuant to M.G.L. c. 258 § 3.

**Facts Common to All Counts**

8. This is a complaint for the wrongful death of Landon Lincoff arising from the negligent care and treatment rendered to Landon Lincoff by the defendants, and by Boyle's and Collins-Brown's disregard of the known and obvious consequences to Landon Lincoff's protected rights to life and adequate medical treatment while in the custody of the municipality/Town of Topsfield while acting under the color of Massachusetts law at all relevant times on or about 6/5/2021.

9. As a direct result of the defendants' negligence and disregard of the known and obvious consequences of their actions, policies, and customs on Landon's rights, Landon Lincoff suffered a premature and preventable death.

10. Venue is proper as the acts and omissions complained of herein occurred within or substantially within Essex County.

11. The plaintiff has fully complied with the provisions of M.G.L. c. 258 and all statutory prerequisites to the filing of this complaint have been satisfied including, but not limited to, timely presentment of the claim.

12. The negligent treatment of Landon Lincoff by the defendants on or about 6/5/2021, included, inter alia, when the members of the Topsfield Fire Department and Topsfield Police Department failed to provide adequate emergency medical care in accordance with their training and level of certification. The disregard of the known and obvious consequences of their actions on Landon's rights by Boyle, Collins-Brown and the Town of Topsfield leading up to and including 6/5/2021 included, inter alia, when cancellation of the intercept of an available, more sufficiently trained ambulance and its crew that had been en route based only upon the furtherance of a policy or custom intended to benefit only the Town Fire Department with zero benefit to – and indeed at the tragic expense of – patients similarly situated to and including Landon Lincoff. As a direct result of the Town of Topsfield's negligence by its fire department and police department and, separate and apart from that negligence, as a result of the disregard of the known or obvious consequences of the actions of Boyle and Collins-Brown and the Town of Topsfield with respect to Landon Lincoff's rights, Landon Lincoff suffered a premature and preventable death.

13. At approximately 2:00 a.m. on 6/5/2021, Landon was being held by his father at their home at 36 East Street in Topsfield when he suddenly stopped breathing. A call to 911 was immediately made. Landon's parents had taken a CPR class together and so they promptly commenced proper CPR. Mr. Lincoff performed proper CPR with both chest compressions and mouth-to-mouth ventilations. Both the Topsfield Fire Department and Topsfield Police Department were called to the home by the 911 dispatcher.

14. Patrol Officer Joseph DeBernardo was the first to respond to the scene. He entered the home with a bag containing an AED although he never opened it or put any of its contents to use. He dropped his bag in the home and picked up Landon, who he confirmed to be pulseless and apneic. Once Landon was in Officer DeBernardo's custody, Officer DeBernardo carried him outside of the home in his arms while ineffectively tapping his chest with one hand, presumably attempting to perform CPR. Shortly thereafter, Sergeant Daniel Bell arrived at the scene and assisted Officer DeBernardo in tapping Landon's chest while Landon remained in Officer DeBernardo's arms. He found that Landon was warm at that time. Neither of the two placed Landon on a flat surface, nor did they apply an AED or provide ventilations, in violation of the standard of care for first responders, including but not limited to police officers.

15. While en route to the scene, EMT-Basic Jeffrey Horne paged and texted Paramedic John Boyle to inform him of the emergency. Paramedic Jonathan Hallinan responded to the station and called for mutual aid/assistance from Northeast Regional Paramedics. Northeast Regional Paramedics have PALS (pediatric advanced life support) certified providers, which are the most capable first responders for handling a call for an unresponsive infant who required resuscitation.

16. Upon the arrival of the Topsfield Fire Department Ambulance, of which EMT Horne and EMT-Basic Jason Murley were on board, Officer DeBernardo and Sergeant Bell carried Landon towards the back of the ambulance, continuing to ineffectively tap his chest on their way.

17. Once the ambulance came to a stop, EMT Horne exited the vehicle carrying a bag over his right shoulder and an AED under his left arm. EMT Horne dropped the bag to the ground and placed the AED on the rear bumper. He then opened the rear doors of the ambulance, grabbed the AED from the bumper, and climbed onto the bench seat in the ambulance. Landon was then passed to EMT Horne at 2:16 a.m., and he remained in the custody of the ambulance at that time. Landon remained pale, warm, and unresponsive at the time he was transferred over to EMT Horne. Landon's mother climbed into the patient compartment. The bag left on the street was picked up by a mutual aid officer, carried to the sidewalk, and left there as the ambulance remained on scene. The ambulance left the scene at 2:19 a.m., although EMT Horne did not retrieve the bag prior to departing.

18. While in the ambulance, Landon was not secured in an infant size harness but rather placed on the stretcher. One of the Topsfield Police Department members offered to drive the ambulance. EMT Murley declined the offer as he felt the brakes were "touchy." He accepted a police escort to Beverly Hospital, which was the destination of the ambulance. The ambulance left the scene at 2:19 a.m.

19. While en route, EMT Horne and Mrs. Lincoff were initially the only two first responders in the patient compartment with Landon. EMT Horne asked Mrs. Lincoff to produce a piece of equipment from the bag but she did not know to what he was referring, did not see any bag, and accordingly could not locate the equipment. He then asked Mrs. Lincoff to perform compressions while he looked for the equipment, which he did not find because the bag was not in the ambulance. Paramedic Hallinan was picked up en route to the hospital. His arrival had been delayed because a fire extinguisher had discharged all over the inside of the pickup

truck which he had taken to arrive at the meeting point. He and the other individuals in the truck had to exit, clean up the mess, and were delayed as a result. Paramedic Hallinan saw that the AED had not been applied when he arrived in the ambulance. He started manipulating the cardiac monitor and he and Horne evidently made attempts to place the pads although they had forgotten their training and were not successful. Landon's pajamas remained on throughout these attempts.

20. EMT Murley continued driving and after a short distance, he picked up Paramedic Boyle who immediately directed Murley to cancel the Northeast Regional intercept for reasons he and Collins-Brown had previously agreed would be the policy or custom of the Fire Department notwithstanding it being clearly harmful to the needs of pediatric patients such as Landon Lincoff and was highly likely to reduce the likelihood of such a patient surviving emergency calls such as this. This cancellation was a result of the policy or custom implemented by the Fire Department on behalf of the Town, and disregarded the known and obvious consequences of cancelling the intercept, including deprivation of Landon Lincoff's right to life and to adequate medical care while in the custody of the municipality/Town of Topsfield. This cancellation occurred at 2:23 a.m. Recognizing that their advanced training should have been utilized, Northeast Regional Paramedics indicated they would remain on Route 97 in Wenham notwithstanding the cancellation, but Northeast Regional Paramedics were never contacted to provide support or assistance for the remainder of the trip.

21. Chief Collins-Brown actively monitored the call when it came in, heard both the dispatch and Boyle's communication of the cancellation of the Northeast Regional ambulance intercept and, in furtherance of the Fire Department's policy or custom implemented as a result of Collins-Brown's desire to have her department receive and handle these calls without involvement of Northeast, ratified the cancellation instead of ensuring that Landon receive emergency medical assistance from the more qualified PALS certified Northeast Regional Paramedics providers.

22. The cancellation of the Northeast Regional ambulance intercept by Defendant Boyle and ratified by Collins-Brown was in accordance with the policy and custom of the Town of Topsfield, by its Fire Department, and in disregard of the known and obvious consequences, resulting in deprivation of Landon Lincoff's rights to life and adequate medical care and treatment while in the custody of the municipality/Town of Topsfield.

23. None of the employees of defendant Topsfield were PALS trained or certified. Boyle and Collins-Brown knew this.

24. None of the Defendants, nor any of the employees of defendant Topsfield, had prior experience responding to and treating infant cardiac arrest. Boyle and Collins-Brown knew this.

25. By cancelling the Northeast Regional intercept, the defendants actively caused Landon Lincoff to receive less experienced and effective medical assistance than would have and should have been provided by qualified and available PALS certified providers, who were willing, ready, and able to administer the lifesaving medical care and treatment he was constitutionally entitled to while in the custody of the municipality/Town of Topsfield as it was needed to save his life. These obvious risks were disregarded by Boyle, Collins-Brown and the Town of Topsfield in creating a policy or custom to cancel Northeast for the self-benefitting agenda of increasing

4

the experience level of their fire department to the clear, indeed unconscionable, detriment of its most vulnerable pediatric citizens.

26. On information and belief, Boyle and Collins-Brown had actively undertaken efforts to generate political support to create and fund permanent full-time EMS services, to be provided by the Topsfield Fire Department, as both the primary first response and transport ambulance. On information and belief, such efforts had led to this policy or custom to exclude its primary competition, Northeast Regional Ambulance, from calls that might be handled by Topsfield, which resulted in decreased utilization of Northeast's Regional Ambulance.

27. The Town of Topsfield Board of Selectmen had previously rejected Topsfield Fire Department's efforts and requests to become the full time primary first response and transport ambulance service.

28. Collins-Brown's efforts in furtherance of such plans nevertheless continued.

29. Collins-Brown and Boyle, have desired leading up to 6/5/2021, and continue to desire for the Topsfield Fire Department to be the permanent primary EMS service in Topsfield, both for first response and transport.

30. Collins-Brown and Boyle, at all relevant times, had formulated this policy, custom and practice regarding the regular cancellation of Northeast Regional Ambulance intercepts.

31. This cancellation of Northeast Regional intercepts became the policy or custom of the Town of Topsfield, through its Fire Department, despite the clear and  obvious consequences of depriving the most vulnerable pediatric citizens of the Town, including Landon Lincoff, of qualified and readily available medical care that the town itself could not provide.

32. Consequently, the Topsfield Fire Department had previously engaged, and continued through the date in question to engage in, a pattern and practice of cancelling Northeast Regional Ambulance responses and intercepts and directly transporting patients to local hospitals despite the availability of more qualified advanced life support ambulance care by Northeast Regional Ambulance.

33. This policy and custom was documented in a Fire Study Committee report of the Topsfield Board of Selectmen in 2015.

34. The existence of the cancellation policy and custom was admitted by then-Captain Collins-Brown at a meeting of the Topsfield Department Study Committee.

35. The cancellation practice and policy and custom was implemented because the Topsfield Fire Department, by and through its officers and its Chief Collins-Brown, believed Topsfield Fire EMTs and Paramedics required additional calls to sharpen their skills, effectively practicing on the job with the lives of the patients to whom they were responding, rather than following the existing protocol and handing off such patients to the more-qualified and better equipped Northeast Regional Paramedics.

5

36. The cancellation practice and policy and custom was the direct result of Collins-Brown's documented agenda and that of her deputies, including Boyle, to expand the EMS services of the department.

37. In the Fire Study Committee report, then-Captain Collins-Brown expressed to the town that her firefighters needed the additional ambulance transport calls for their benefit only in order to develop their response skills in real time, reflecting a deliberate indifference to the rights and wellbeing of citizens who could not afford to be practiced upon.

38. Defendant Collins-Brown became the Chief of the Topsfield Fire Department, responsible for implementing policies, practices, and customs regarding the provision of EMS services.

39. On information and belief, Chief Collins-Brown's policy and custom, and those of her subordinate Boyle, continued to be regular cancellation of Northeast Regional despite Northeast's more experienced PALS certified EMS providers and better equipped ambulance being available to take over care and treatment on various calls. The cancellation of Northeast Regional Ambulance intercepts was encouraged for the purpose of continuing to "sharpen the skills" of Topsfield Fire Department's own EMS Providers.

40. The cancellation of Northeast Regional Paramedics, which was in furtherance of Town of Topsfield policy and custom and Collins-Brown and Boyle's self-serving efforts to garner political support for the permanent expansion of their department and for the sharpening of the skills of the Topsfield fire department employees, disregarded the known and obvious consequences to the medical needs and right to life and adequate medical care while in the custody of the municipality/Town of Topsfield of its most vulnerable pediatric citizens such as Landon Lincoff.

41. Further difficulty applying the cardiac monitor ensued and Landon was deprived of ventilations as the trip continued.  Mrs. Lincoff will testify that there were no attempts to intubate Landon during the trip, nor were there attempts to place an intravenous line or intraosseous line. EMT Murley drove erratically during the trip, at one point nearly missing a turn to the hospital at which point the passengers in the patient compartment flew from one side of the compartment to another, risking injury to themselves and further harm to Landon. Paramedic Boyle as the most experienced paramedic failed to provide any substantive care whatsoever to Landon.

42. Once the ambulance had arrived at Beverly Hospital, and before it even reached a full stop, Paramedic Boyle who had more seniority than anyone else in the vehicle exited the ambulance, purportedly to provide verbal report to the awaiting emergency department staff. EMT Murley exited the front of the ambulance and approached the back doors. EMT Murley took the foot off the stretcher in order to bring it out.  Paramedic Hallinan and EMT Horne exited behind the stretcher.  A police officer was the one that then attempted compressions and Horne adjusted a non-rebreather mask which by then was on Landon's face. No cardiac monitor had been connected at that time; no BVM was being used and no ventilations were being given by any other means.

6

43. Landon arrived in the ED at 2:32 a.m. He was intubated finally at 2:38 a.m., after which there was color change and breath sounds bilaterally. Lines were placed in order to initiate life-saving medications. He received 13 doses of epinephrine before return of spontaneous circulation was achieved at 3:13 a.m.

44. Landon was transferred to Boston Children's Hospital. He was diagnosed with severe hypoxic ischemic injury and his parents withdrew mechanical support the following day. Landon passed away on 6/6/2021.

45. An autopsy conducted after Landon's death revealed acute bronchopneumonia as well as hypoxic-ischemic encephalopathy, indicating that he had brain damage due to lack of oxygen to his brain.

46. The first responders' actions in this matter were captured on high-definition video via the Lincoff family's security system. There are three different angles from which Sergeant Bell and Officer DeBernardo can be seen performing completely inadequate compressions in an inappropriate setting (officer's arms, versus a flat surface) without ventilations; further, there is clear footage of EMT Horne dropping his bag outside of the ambulance and yet additional footage from Beverly Hospital which reveals the EMTs' and Paramedics' actions upon arrival to the entrance to Beverly Hospital. At no point in any of this footage were ventilations provided to Landon, nor was an AED applied. The video footage demonstrates the responders' inability to handle an emergency call regarding an infant in need of resuscitation when qualified PALS certified providers should have been providing this emergency care to an infant in distress.

47. The Office of Emergency Medical Services (OEMS) for the Commonwealth of Massachusetts completed an investigation into the care rendered to Landon by the first responders in this matter. Jonathan Burstein, M.D., the OEMS Medical Director, conducted a clinical review of the care rendered to Landon specifically by the Topsfield Fire Department. Dr. Burstein concluded that EMTs Horne and Murley failed to provide effective CPR or AED, that EMT Murley failed to safely drive the ambulance, that Paramedics Hallinan and Boyle failed to provide effective CPR or cardiac rhythm assessment or attempt vascular access, and that all providers failed to properly use aids for care and continue care for Landon from the ambulance bay to the emergency department. He also concluded that the Topsfield Police Department failed to provide effective CPR or AED, although they were outside of his department's jurisdiction.

48. The OEMS investigator ultimately concluded that EMTs Horne and Murley and Paramedics Hallinan and Boyle mismanaged the care of Landon. All four of them, from start to finish, failed to provide effective CPR or AED therapy and cardiac monitor rhythm assessment. There were multiple clinical failures by all the EMS personnel involved in the call. The care was so mismanaged that the investigator believed that the responders genuinely did not know what CPR was. Letters of Reprimand were sent to each of the four responders and they were ordered to correct their multiple violations of the Statewide Treatment Protocols. Murley specifically was cited for failing to drive in a safe manner. The Fire Department was issued a Notice of Serious Deficiency/Order to Correct as Chief Collins-Brown attempted to conceal her fateful decision to staff calls of such importance with her own unqualified staff by failing to report

this serious incident to OEMS. The Topsfield Fire Department was required to review and update its policies pertaining to parents accompanying their minor children in the ambulance, use of pediatric transport devices, and also dispatch and communications for responding EMS personnel.

49. The decision by Collins-Brown, Boyle, and the Town of Topsfield to deny PALS certified care to Landon Lincoff, while he was in the custody of Town of Topsfield/municipality actors acting under color of law, disregarded the known and obvious consequences to Landon Lincoff's right to life and adequate medical care while in the custody of the municipality/Town of Topsfield.

50. OEMS, despite a lack of jurisdiction, requested that the Town of Topsfield address the issues surrounding the Topsfield Police Department first responders' actions in this case, in which they broke the chain of survival in the effective CPR response Landon had begun receiving, and ensure appropriate CPR training for its police officers.

51. Landon Lincoff's injuries and premature and preventable death are the direct result of the negligent care and treatment provided by the EMTs, Paramedics, Officers, Sergeants, agents, servants, and/or employees of the Topsfield Fire Department and Topsfield Police Department, when the EMTs, Paramedics, Officers, and Sergeants failed to provide a safe environment; when the Officers and Sergeants failed to perform effective CPR and apply the cardiac defibrillator; when the Officers and Sergeants failed to provide care in a safe setting; when the EMTs and Paramedics failed to provide acceptable medical care and treatment to Landon Lincoff; when the EMTs and Paramedics failed to provide medical care and treatment in a safe setting; when the Paramedics failed to intubate Landon and place intravenous or intraosseous lines for the administration of life-saving medications; when Collins-Brown and Boyle caused the cancellation of the response of a more qualified, better equipped medical care team ready, available, and prepared to respond to Landon's needs and provide him care; and when the EMTs, Paramedics, Sergeants, and Officers allowed Landon Lincoff to suffer a catastrophic injury by failing to properly and adequately treat his medical condition consistent with their training and experience.

52. Landon Lincoff's injuries and premature and preventable death are the direct result of the deliberate disregard by Boyle, Collins-Brown, and the Town of Topsfield of the known and obvious risks of cancelling available, end route, medical care providers with superior qualifications for a call of this nature, depriving Landon Lincoff of necessary, lifesaving care while in the custody of the Town of Topsfield/municipality, and to the contrary caused the cancellation of the response of the more qualified, better equipped medical care team ready, available, and prepared to respond to Landon's needs and provide him care, overruling the request for assistance by their subordinate Hallinan, in furtherance of their policy and custom of the Town of Topsfield furthering the goals of the Fire Department, set by Chief Collins-Brown in disregard of the known and obvious consequences to Landon Lincoff's, or similarly situated residents', rights to life and adequate medical care while in the custody of the Town of Topsfield/municipality.

8

## Count I.– Negligence and Wrongful Death – Town of Topsfield

53. This action is brought to recover for the wrongful death of Landon Lincoff for the benefit of his next of kin, pursuant to M.G.L. c. 229 §1 et seq.

54. The plaintiffs repeat and reaver fully herein the facts and allegations set forth in each paragraph of the Parties and Facts Common to All Counts sections of this Complaint as if each were set forth here in their entirety.

55. At all times relevant to this complaint, the defendant Town of Topsfield's employees included Daniel Bell, Joseph DeBernardo, Jeffrey Horne, John Boyle, Jason Murley, and Jonathan Hallinan.

56. At all times relevant to this complaint, the defendant, Town of Topsfield, owed duty a to Landon Lincoff, by and through its employees, as the defendant's employees were first responders providing emergency care, to use due care and diligence in providing care and/or services to Landon Lincoff, to exercise the degree of care and skill required of the average qualified individual in their field providing such services, to keep Landon Lincoff safe, assist in his medical care and treatment, and arrange for his necessary care including but not limited to his safe treatment during his transport to the hospital.

57. At all times relevant to this complaint the defendant's employees had a duty to render appropriate and qualified aid to Landon Lincoff.

58. The defendant, Town of Topsfield, by and through its employees, failed to use due care and diligence and to exercise the degree of care and skill required of the average qualified individual first responder in his field, failed to keep Landon Lincoff safe, failed to assist in his medical care and treatment, and failed to arrange for his necessary care including but not limited to his safe treatment during his transport to the hospital.

59. Landon Lincoff died at 8 months of age from medical conditions/injuries including but not limited to hypoxic-ischemic encephalopathy as direct and proximate result of the negligence of the defendant's employees, including, but not limited to, as follows:

   a. Defendant's employees negligently failed to keep Landon Lincoff safe;

   b. Defendant's employees failed to adequately supervise Landon Lincoff's physical health and condition;

   c. Defendant's employees negligently failed to deliver necessary and appropriate emergency response care and treatment consistent with the standard of care expected of them in Landon Lincoff's medical emergency situation including but not limited to their failure to administer proper CPR and cardiac rhythm intervention;

   d. Defendant's employees failed to arrange for Landon Lincoff's safe transportation to be evaluated by a medical professional;

9

    e.  Defendant's employees negligently allowed a dangerous medical situation to persist without appropriate treatment which posed a potential and actual threat to Landon Lincoff's well-being and safety; and

    f.  Defendant's employees failed to recognize, or have the knowledge to recognize, their inability and lack of skill to respond to and assist the plaintiffs' decedent, when the defendant's employees knew, or should have known in the exercise of due care, the foreseeable consequences of their inability and failure to properly respond to and assist the plaintiffs' decedent.

60. As a direct and proximate result of the carelessness, inattention, and negligence of the defendant's employees, the plaintiffs' decedent, Landon Lincoff, was caused to sustain severe and permanent personal injuries; has suffered great pain of body and anguish of mind; hospitalization for a period of time; brain death; and wrongful death.

61. The death of Landon Lincoff and the damage to his estate, were the direct and proximate result of the carelessness, unskillfulness, negligence and improper care by the defendant's employees.

WHEREFORE, the plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, pray judgment against the defendant, Town of Topsfield, for the above-described wrongful death and damage to the estate, together with interest and costs.

## Count II. Conscious Pain and Suffering – Town of Topsfield

62. The plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, repeat and reaver all of the allegations contained in Count I above, as if expressly rewritten and set forth herein.

63. This action is brought to recover for the conscious pain and suffering of the decedent, Landon Lincoff.

64. As the direct and proximate result of the carelessness and negligence of the defendant, Town of Topsfield's, employees, the plaintiffs' decedent, Landon Lincoff, was caused to suffer consciously up to and until his time of death.

WHEREFORE, the plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, pray judgment against the defendant, Town of Topsfield, in an amount to be determined by a jury, together with interest and costs.

## Count III. 42 U.S.C. § 1983 – Boyle

65. The plaintiffs, Matthew Lincoff and Taylor Lincoff, repeat and reaver fully herein the facts and allegations set forth in each paragraph of the Parties and Facts Common to All Counts sections of this Complaint as if each were set forth here in their entirety.

66. As described above, Defendant Boyle acted in disregard of the known and obvious consequences of such action, and in disregard of the known and obvious consequences to the rights, safety, and well-being of Landon Lincoff when he cancelled the Northeast Regional Paramedics intercept in furtherance the patently dangerous and objectively unreasonable policy and custom of excluding the services of PALS certified responders for the self-benefitting agenda of the Topsfield Fire Department and its employees, to Landon Lincoff's severe and fatal personal detriment.

67. At all relevant times Defendant Boyle knew, or obviously should have known, that the cancellation of a more advanced ambulance service, which provided service trained in Pediatric Advance Life Support, would foreseeably cause injury or death to a Topsfield Fire Department emergency medical services patient, such as Landon Lincoff.

68. The actions of the Defendant Boyle were performed under color of state law, and violated Lincoff's right to life and adequate medical care and treatment while in the custody of the municipality/Town of Topsfield, and to adequate medical care and treatment in response to state created dangers.

69. Defendant Boyle's cancellation of necessary medical care and treatment, in disregard of the known and obvious consequences to Landon Lincoff while he was in Topsfield Fire Department's/Town of Topsfield's custody was objectively unreasonable, such that no reasonable paramedic or EMT in such a situation would have taken baby Landon into their custody and care, in place of the readily available pediatric advanced life support, and then cancelled/called off a ready, able, and available ambulance and crew capable of providing and willing to provide immediate, necessary, lifesaving pediatric advanced life support.

70. Defendant Boyle's disregard of the known and obvious consequences of cancellation of necessary medical care and treatment to Landon Lincoff while in the custody of the municipality/Town of Topsfield, and such cancellation itself, were the direct and proximate cause of Landon's death.

71. Defendant Boyle acted in disregard of the known or otherwise obvious consequences to Landon's federally secured rights. According, the defendant is liable to Lincoff's next of kin under 42 U.S.C. § 1983 and M.G.L. c. 229 § 2.

WHEREFORE, the plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, pray judgment against the defendant, John Boyle, in an amount to be determined by a jury, together with punitive damages, interest and costs and attorneys fees.

## Count IV. 42 U.S.C. § 1983 – Collins-Brown

72. The plaintiffs, Matthew Lincoff and Taylor Lincoff, repeat and reaver fully herein the facts and allegations set forth in each paragraph of the Parties and Facts Common to All Counts sections of this Complaint as if each were set forth here in their entirety.

73. Defendant Collins-Brown, as Chief of the Topsfield Fire Department, set and implemented department policies, customs, practices, and procedures, putting her own benefit and aspirations for the department ahead of the needs of the Town's most vulnerable citizens.

11

74. Defendant Collins-Brown implemented a policy, custom, practice, and procedure directing Topsfield Fire Department medical first responders to cancel intercepts by Northeast Regional Paramedics, despite the superior medical training, equipment, and/or ability to provide lifesaving emergency care to patients in the custody of the Topsfield Fire Department/Town of Topsfield.

75. Such policy was contrary to previously established public policy, which Defendant Collins-Brown was responsible for implementing, that Topsfield Fire Department was not to be the permanent primary transporting ambulance provider.

76. Defendant Collins-Brown implemented the cancellation policy in furtherance of hers and Topsfield Fire Department's agenda, disregarding the known and obvious consequences to the rights, safety, care needs and well-being of patients of the Topsfield Fire Department's emergency medical services providers, who would consequently be denied more advanced medical care that was otherwise available.

77. Defendant Collins-Brown implemented the cancellation policy in furtherance of hers and Topsfield Fire Department's agenda, acting on behalf of the Town of Topsfield, in disregard of the known and obvious consequences to the rights, safety, care needs and well-being of Landon Lincoff including the right to life and adequate medical care while in the custody of the municipality/Town of Topsfield.

78. At all relevant times Defendant Collins-Brown knew, or obviously should have known, that the cancellation of a more advanced ambulance service, including a service with providers trained in Pediatric Advance Life Support when responding to a serious call involving an infant, would foreseeably cause injury or death to a Topsfield Fire Department emergency medical services patient.

79. The cancellation policy and custom was created, implemented, and performed under color of state law, and violated Landon Lincoff's rights to life, adequate medical care and treatment while in the custody of the municipality/Town of Topsfield, and to adequate medical care and treatment in response to state created dangers.

80. Defendant Collins-Brown's policy and custom, in disregard of the known and obvious consequences to the rights of patients similarly situated to Landon Lincoff, and to Landon Lincoff himself, directly and proximately caused the cancellation of the Northeast intercept, which was the direct and proximate cause of Landon's death.

81. Defendant Collins-Brown acted in disregard of the known or otherwise obvious consequences to Landon Lincoff's medical care needs, demonstrating a total disregard for Landon's state and federal secured rights. According, the defendant is liable to Lincoff's next of kin under 42 U.S.C. § 1983 and M.G.L. c. 229 § 2.

WHEREFORE, the plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, pray judgment against the defendant, Jennifer Collins-Brown, in an amount to be determined by a jury, together with punitive damages, interest and costs and attorneys fees.
together with punitive damages, interest and costs and attorneys fees.

## Count V. 42 U.S.C. § 1983 – Town of Topsfield

82. The plaintiffs, Matthew Lincoff and Taylor Lincoff, repeat and reaver fully herein the facts and allegations set forth in each paragraph of the Parties and Facts Common to All Counts sections of this Complaint as if each were set forth here in their entirety.

83. The policy and custom implemented by Collins-Brown, through the Fire Department, was the policy and custom of the Town of Topsfield relating to ambulance response.

84. The Town of Topsfield knew that then-Captain Collins-Brown had advocated for, and was continuing to advocate for, such a policy and custom, in disregard of the known and obvious consequences that it would have for the protected rights of Town of Topsfield residents including Landon Lincoff, when she was appointed as the Chief of the Fire Department.

85. Town of Topsfield policymaking officials, including but not limited to Collins-Brown herself and the public officials who nominated, hired, appointed, vetted, and/or confirmed her appointment, had both actual and constructive knowledge of Collins-Brown's policy and custom of cancelling available Northeast Regional intercepts due to Collins-Brown's express preference that her in-house EMTs receive more on the job practice.

86. The Town of Topsfield acted in disregard of the known or otherwise obvious consequences to Landon Lincoff's medical care needs in permitting the existence of, and/or enforcement of, such policy or custom, demonstrating a total disregard for Landon's state and federal secured rights. According, the defendant is liable to Lincoff's next of kin under 42 U.S.C. § 1983 and M.G.L. c. 229 § 2.

WHEREFORE, the plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, pray judgment against the defendant, Town of Topsfield, in an amount to be determined by a jury, together with punitive damages, interest and costs and attorneys fees.

## Count VI. 42 U.S.C. § 1983 – State Created Danger by Boyle, Collins-Brown and the Town of Topsfield

87. The plaintiffs, Matthew Lincoff and Taylor Lincoff, repeat and reaver fully herein the facts and allegations set forth in each paragraph of the Parties and Facts Common to All Counts sections of this Complaint as if each were set forth here in their entirety.

88. In connection with the cancellation policy and custom of the Town of Topsfield, Defendants Boyle, Collins-Brown, and the Town of Topsfield caused a state created danger to Landon Lincoff.

89. The cancellation policy and custom, as well as the actual cancellation in accordance with that policy and custom, enhanced the known, specific danger to Landon Lincoff, an infant in known and obvious need of pediatric advanced life support who was in the exclusive care and custody of Boyle and other Town of Topsfield employees.

13

90. The cancellation of the Northeast Regional ambulance intercept by Defendants Boyle and Collins-Brown, acting for and on behalf of the Town of Topsfield, was in accordance with the policy and custom of the Town of Topsfield, by its Fire Department, and was made in disregard of the known and obvious consequences to Landon Lincoff, resulting in deprivation of Landon Lincoff's rights to life and adequate medical care and treatment while in the custody of the municipality/Town of Topsfield.

91. By cancelling the Northeast Regional intercept, the defendants actively caused Landon Lincoff to receive less experienced and effective medical assistance than would have and should have been provided by qualified and available PALS certified providers, who were willing, ready, and able to administer the lifesaving medical care and treatment he was constitutionally entitled to while in the custody of the municipality/Town of Topsfield as it was needed to save his life. These obvious risks were disregarded by Boyle, Collins-Brown and the Town of Topsfield in following the policy or custom of cancelling Northeast intercepts for the self-benefitting agenda of increasing the experience level of their fire department to the clear detriment, imminent harm, and eventual death of Landon Lincoff.

92. As a result of creating such danger, the defendants and the Topsfield Fire Department first responders had a constitutional duty to provide adequate medical care and treatment in compliance with the standard of care to Landon Lincoff.

93. On or about 6/5/2021, the plaintiffs' decedent was submitted to the care of John Boyle, Jonathan Hallinan, Jason Murley, and Jeffrey Horne, who negligently, carelessly, and without regard for the plaintiffs' decedent's health and well-being, treated the plaintiffs' decedent in a manner resulting in the plaintiffs' decedent's death on 1/18/16.

94. John Boyle, Jonathan Hallinan, Jason Murley, and Jeffrey Horne, failed to use due care and diligence and to exercise the degree of care and skill required of the average qualified individual in their field, failed to keep Landon Lincoff safe, failed to assist in his medical care and treatment, and failed to ensure his safe transportation to the hospital in the care and treatment of qualified PALS certified emergency medical providers.

95. Landon Lincoff died at the age of 8 months from medical conditions/injuries including but not limited to hypoxic-ischemic encephalopathy as direct and proximate result of the negligence and improper care and treatment by of John Boyle, Jonathan Hallinan, Jason Murley, and Jeffrey Horne, including, but not limited to, as follows:

   a. They negligently failed to keep Landon Lincoff safe;

   b. They negligently failed to deliver necessary and appropriate emergency response care and treatment consistent with the standard of care expected of them in Landon Lincoff's medical emergency situation;

   c. They negligently failed to assist in Landon Lincoff's medical care and treatment as necessary;

   d. They failed to provide for Landon Lincoff's safe transport to the hospital in the care and treatment of qualified PALS certified emergency medical providers;

e.  They failed to adequately and properly diagnose the plaintiffs' decedent's medical condition on or about 6/5/2021, and failed to prescribe proper timely treatment for said condition;

f.  They failed to recognize, or have the knowledge to recognize, their inability and lack of skill to diagnose and treat the plaintiffs' decedent, when they knew, or should have known in the exercise of due care, the foreseeable consequences of their inability and failure to properly diagnose and treat the plaintiffs' decedent and skillfully provide the plaintiffs' decedent with acceptable medical care and diagnostic services.

g.  They failed to possess or negligent failure to exercise that degree of skill, training, and care as is possessed by average qualified EMTs and paramedics; and

h.  They failed to inform and to warn of the risks involved in or associated with the plaintiffs' decedent's condition and failure to warn about the treatment of said condition, including but not limited to the risks inherent in defendant's recommended course of treatment and the availability of alternative courses of treatment.

96. As a direct and proximate result of the carelessness, inattention, and negligence of the Topsfield Fire Department medical first responders, in responding to a state created danger created by the policy and custom of the Town of Topsfield, implemented and executed by Defendants Collins-Brown and Boyle, the plaintiffs' decedent, Landon Lincoff, was caused to sustain severe and permanent personal injuries; has suffered great pain of body and anguish of mind; hospitalization for a period of time; brain death; and wrongful death.

97. The death of Landon Lincoff and the damage to his estate, including, but not limited to his funeral and burial expenses, were the direct and proximate result of the negligence of the defendants, John Boyle, Jennifer Collins-Brown, and the Town of Topsfield, in creating a state created danger to Landon Lincoff on or about 6/5/2021 in violation of 42 U.S.C. § 1983 and Landon Lincoff's rights to life, adequate medical care and treatment while in state custody, and substantive due process.

WHEREFORE, the plaintiffs, Matthew Lincoff and Taylor Lincoff, as duly appointed Personal Representatives of the Estate of Landon Lincoff, pray judgment against the defendants, John Boyle, Jennifer Collins-Brown, and the Town of Topsfield for the above-described wrongful death and damage to the estate, together with punitive damages, interest and costs and attorneys fees.

PLAINTIFFS CLAIM TRIAL BY JURY AS TO ALL ISSUES AND CLAIMS SO TRIABLE.

15

Respectfully submitted,
The plaintiffs,
By their attorney,


*Andrew C. Meyer, Jr.*
ANDREW C. MEYER, JR.
BBO#: 344300
ADAM R. SATIN
BBO#: 633069
LUBIN & MEYER, P.C.
100 City Hall Plaza
Boston, MA 02108
(617) 720-4447